STATE OF NEBRASKA, APPELLEE, V.
EARL ROSENBERRY, APPELLANT.

307 N.W.2d 823

Filed July 2, 1981. No. 44043.

Luckey, Sipple & Hansen and Mark M. Sipple for
appellant.

Paul L. Douglas, Attorney General, and Ruth
Anne E. Galter for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN,
BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL,
Retired District Judge.

BOSLAUGH, J.

The defendant was charged in an amended complaint
filed in the county court with operating a motor
vehicle while under the influence of alcoholic liquor,
second offense. Upon a plea of guilty he was sentenced
to 18 months' probation. The probation included a fine
of $200, 30 days in jail after 6 months of probation,
and 30 days in jail at the end of the probation period,
but the court for good reason could waive all or any
part of the jail sentences. The defendant was required
to enter a 30-day inpatient treatment for alcoholism
at his own expense. The order further provided the
defendant's operator's license would be impounded
for 1 year, but after the defendant had returned from
inpatient treatment the court would consider driving
privileges based on the defendant's performance at
inpatient treatment.

The defendant did not accept the terms of the
probation but appealed to the District Court. The

District Court remanded the cause to the county court on the ground there was no final order because the sentence of probation was a conditional order which had not been accepted by the defendant. The defendant did not appeal from the order of the District Court and there is no issue in this court concerning the order remanding the cause to the county court for further proceedings.

On November 12, 1980, the defendant was sentenced to 5 days in jail, fined $300, and his operator's license was revoked for a period of 1 year. The defendant again appealed to the District Court, where the sentence was affirmed. The defendant has now appealed to this court and contends that the sentence imposed was excessive and the trial court abused its discretion in failing to grant probation.

The offense to which the defendant pleaded guilty was a Class III misdemeanor with a maximum penalty of 3 months' imprisonment, a $500 fine, or both. Neb. Rev. Stat. § 39-669.07(2) (Reissue 1978); Neb. Rev. Stat. § 28-106(1) (Reissue 1979). A 1-year suspension of the operator's license is mandatory under the statute. The sentence of 5 days in jail with a fine of $300 was well within the statutory maximum.

The offense involved in this case was somewhat aggravated because it also involved leaving the scene of a property damage accident. On the night that the defendant was arrested he had been drinking at a tavern in Shelby, Nebraska. After leaving the tavern the defendant drove his pickup truck into the front of a beauty shop. He then backed away and left the scene of the accident. His offense in 1977 had also involved leaving the scene of a property damage accident.

On August 4, 1980, after the first sentencing hearing in county court, the defendant completed a 30-day inpatient treatment for alcoholism at the Veterans Hospital in Lincoln, Nebraska. Although the reports concerning that treatment do not appear in the record,

they were available to the county judge at the sentencing hearing on November 12, 1980. The record does indicate that the defendant participated only minimally in the discussion sessions and had attended "probably 8" Alcoholics Anonymous meetings after his discharge from the hospital. The defendant also admitted that on one occasion he had consumed a small quantity of beer. These were matters that the county court could consider and did consider in determining whether to place the defendant on probation.

The record does not show an abuse of discretion in failing to grant probation. The judgment is affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurs in result.